IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

FILED

MAR _ 1 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

DeAngelo Marquese Martin,      )
    Petitioner,      )
                  )
v.      )      1:08cv991 (LMB/IDD)
                  )
L. Kelly,      )
    Respondent.      )

## MEMORANDUM OPINION

DeAngelo Marquese Martin, a Virginia inmate proceeding pro se, has filed a petition for

a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction

in the Circuit Court for the City of Chesapeake, Virginia for three counts of malicious wounding

and three counts of use of a firearm during the commission of a felony. On August 4, 2009,

respondent filed a Motion to Dismiss and Rule 5 Answer. Martin was given the opportunity to

file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

however despite the Court's grant of petitioner's request for additional time to respond,

petitioner did not file a response. For the reasons that follow, Martin's claims must be

dismissed.

### I. Background

Petitioner was tried by a jury in the Circuit Court for the City of Chesapeake and was

convicted of three counts of malicious wounding and three counts of use of a firearm during the

commission of a felony following a not guilty plea. Case Nos. CR04-1242 to -1247. When

denying Martin's petition for appeal, in which he challenged the sufficiency of the evidence and

the trial court's imposition of the jury's recommended sentence, the Court of Appeals described

the facts:

Antonio Morning, Breon Hardy, and Marvin Quarles, victims of a shooting incident, testified they were standing at an intersection when a car drove by and shots were fired from the car. These three victims were wounded by the gunfire, and they identified appellant in court as the driver of the car and the shooter. Morning could not remember what time the incident occurred. Hardy estimated the shooting took place at about 6:00 p.m. or 7:00 p.m., and Quarles testified the incident occurred at about 9:00 p.m. Morning, Hardy, and Quarles all testified they were familiar with appellant before the incident.

Detective Lodge recovered a .9 millimeter gun from the bedroom of appellant's one bedroom apartment. A forensic technician recovered two cartridge casings from the scene of the shooting. A forensic scientist testified that the shell casings recovered from the scene had been fired from the gun found at appellant's residence.

Appellant presented alibi evidence that he was attending his wedding anniversary party from 4:00 p.m. until 9:30 p.m. on the night of the offense. Appellant's wife testified he was in her presence for the entire evening, including after 9:30 p.m.

The jury accepted the identification testimony of the three victims and did not accept appellant's alibi evidence.

Martin v. Commonwealth, R. No. 2532-05-1 (Va. Ct. App. May 11, 2006). Petitioner then appealed to the Supreme Court of Virginia, which refused the petition for appeal. Martin v. Commonwealth, R. No. 061849 (Va. Jan. 16, 2007).

Petitioner then filed a petition for habeas corpus in the Supreme Court of Virginia on January 10, 2008, raising the following claims:

A.  Ineffective assistance of trial counsel for failing to:
    (1)  Prepare a plausible line of defense;
    (2)  Challenge the search of Martin's apartment;
    (3)  Object and move the court to dismiss the charges on grounds of insufficient evidence;
    (4)  Call three witnesses who would have corroborated Martin's alibi;
    (5)  Use transcripts to impeach the Commonwealth's witnesses;
    (6)  Object to the victims' identifications of Martin as the shooter; and
    (7)  Object to Hardy's statement that Martin had robbed him two weeks before the shooting;
B.  The Portsmouth police illegally searched Martin's apartment;
C.  The evidence was insufficient to convict Martin; and
D.  The trial judge abused his discretion in sentencing Martin, and the sentence imposed violated the Eighth Amendment ban against cruel and unusual punishment; and Martin is actually innocent.

The court denied and dismissed the petition. Martin v. Warden, R. No. 080147 (Va. July 28, 2008). On September 8, 2008,[1] petitioner filed the instant federal habeas petition, raising the following claims:

1.     Ineffective assistance of trial counsel for failing to:
       (A)    Object to Hardy's statement that Martin had robbed him two weeks before the shooting; and
       (B)    Object to the victims' identifications of Martin as the shooter; and
2.     The state habeas court denied Martin his due process rights when it decided the merits of his case without considering his Answer to the Commonwealth's Motion to Dismiss.

On August 4, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer. Petitioner requested additional time to respond, which was granted, however petitioner never filed a response. Accordingly, this matter is now ripe for review.

## II. Claim 2 is not cognizable

Claim 2, in which Martin argues that the state habeas court violated his due process rights, is not cognizable in federal habeas proceedings and therefore must be dismissed because challenges to a collateral, post-conviction state proceeding "cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) (given that "the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application." (internal citations, quotation marks, and alteration omitted). Accordingly, this Court has no jurisdiction to consider Claim 2, which will be dismissed.

---

[1] Petitioner did not date his petition, but the envelope in which he mailed the petition indicates that it was received in the Sussex I State Prison mailroom on September 8, 2008, and a letter accompanying the petition was dated September 8, 2008. The Court received the petition on September 23, 2008. See Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991) (pleading submitted by pro se prisoner is deemed filed when delivered to prison authorities for mailing).

## III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Merits

In his remaining claim, Martin argues that he received ineffective assistance of counsel for two reasons. However, Martin has failed to show that the state court's adjudications are contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), or are based on an unreasonable determination of the facts, and therefore his ineffective assistance

of counsel claim fails. See 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, Martin must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland, 466 U.S. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A successful petition "must show both deficient performance and prejudice," and "the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if the petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and a court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In order to undermine confidence in the case outcome, the petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

In Claim 1(A), petitioner alleges that counsel provided ineffective assistance by failing to object to Hardy's statement that Martin had tried to rob him two weeks before the shooting. According to petitioner, the jury could have inferred from this statement that petitioner had committed other crimes. The Supreme Court of Virginia held that Claim 1(A) satisfied neither

5

prong of the Strickland test because petitioner's counsel in fact elicited Hardy's testimony to demonstrate Hardy's bias against petitioner. According to the trial transcript, Hardy testified that he was able to recognize Martin as the shooter because he had seen Martin several days earlier, when Martin tried to rob Hardy. Trial Tr. vol. 1, 79, June 16, 2005. The transcript indicates that counsel for petitioner was trying to impeach Hardy's testimony by showing Hardy's bias.[2] Thus, counsel's failure to object to Hardy's statement that Martin tried to rob him was the result of sound trial strategy, Spencer, 18 F.2d at 233, and does not demonstrate that counsel's performance was deficient.[3] Therefore, there is no reasonable probability that, but for counsel's alleged errors, the result of the trial would have been different, and Claim 1(A) will be dismissed.

In Claim 1(B), petitioner seems to argue that he was denied the effective assistance of counsel when counsel did not object to the victims' identifications of petitioner as the shooter. The Supreme Court of Virginia held that Claim 1(B) satisfies neither prong of the Strickland test because the record demonstrates that the victims were familiar with Martin and with his car and that all three victims positively identified Martin as the shooter at trial. Martin v. Warden, R. No. 080147, July 28, 2008, at 5. This holding is not an unreasonable application of Strickland, nor is it based on an unreasonable determination of the facts. Cf. Williams, 529 U.S. at 412-13. Even in his argument, petitioner admits that counsel did challenge the victims' identifications by eliciting testimony which tended to show that the victims were biased against petitioner and that their testimonies were inconsistent at times. See Trial Tr. vol. 1, 58-59. Objecting to their testimonies

---

[2] On recross-examination, petitioner's attorney asked Hardy, "Breon, that's why you said you don't like [Martin], right? Because you're saying he tried to rob you; is that right?" Hardy replied, "Yes," and admitted that he "want[ed] to get back at [Martin]." Trial Tr. vol. 1 79-80.

[3] As the Supreme Court of Virginia noted, it was not unreasonable for counsel to attempt this line of impeachment where the victims already had testified to multiple acts of malicious wounding.

would have proved futile; counsel clearly pursued several avenues in an attempt to discredit the victims' testimonies, but their presence at the scene of the crime and their previous encounters with Martin evidently convinced the jury of their abilities to positively identify him as the shooter.[4] As counsel had no viable basis for objecting, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Thus, Claim 1(B) will also be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this ___1st___ day of ___March___ 2010.

Alexandria, Virginia

_/s/_ _____
Leonie M. Brinkema
United States District Judge

---

[4] Specifically, two victims, Morning and Quarles, testified that they had seen Martin on several occasions prior to the shooting, and Martin had attempted to rob the third victim, Hardy, several days earlier. Trial Tr. vol. 1, 41, 79, 97-98.